UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHARLES MICHAEL FOX, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| *vs.* | )  No. 4:21-cv-00047-JMS-DML |
| | ) |
| KILOLO KIJAKAZI, *Acting Commissioner of the Social Security Administration*, | ) ) |
| | ) |
| *Defendant*. | ) |

**ORDER**

*Pro se* Plaintiff Charles Michael Fox initiated this litigation on April 1, 2021, challenging a rule that he alleges is applied by the Social Security Administration ("SSA") and operates to reduce Social Security Income benefits ("SSI") for certain individuals. [Filing No. 1.] Defendant Kilolo Kijakazi, the Acting Commissioner of the SSA, has filed a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), or in the Alternative for Summary Judgment, which is now ripe for the Court's decision. [Filing No. 16.]

**I.**
**STANDARD OF REVIEW**

At the outset, the Court notes that although the Commissioner raises several grounds for dismissal of, or summary judgment upon, Mr. Fox's claim, "[s]ubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). Accordingly, the Court will first – and, ultimately, only – address the Commissioner's Rule 12(b)(1) arguments and set forth the standards applicable to those arguments.

Rule 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Jurisdiction is the "power to decide," *Boley v. Colvin*, 761 F.3d 803, 805 (7th Cir. 2014), and federal courts may only decide claims that fall within both a statutory grant of authority and the Constitution's limits on the judiciary, *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). Although a court deciding a Rule 12(b)(1) motion may accept the truth of the allegations in the complaint, it may look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted on the issue to determine whether subject-matter jurisdiction exists. *Ciarpaglini v. Norwood*, 817 F.3d 541, 543 (7th Cir. 2016). The party asserting the existence of subject-matter jurisdiction bears the burden of demonstrating by competent proof that such jurisdiction in fact exists. *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

## II.
### STATEMENT OF FACTS

Mr. Fox alleges the following in his Complaint, [Filing No. 1], which the Court accepts as true for purposes of this Order:

> (1) I…am a beneficiary of The Arc of Indiana [("the Arc")], a Special Needs and Pooled trust, which is allowed by law to pay for non-food-or-shelter items for its beneficiaries without that money being counted as income and so resulting in an equal reduction in their [SSI]. Sometimes a beneficiary will need to pay for an item him/her-self and then get a reimbursement for that payment from the Arc (after submitting to the Arc evidence of the payment and having the payment approved by its Trust Director).
>
> (2) However, the [SSA] has a rule, the Direct Payment Rule (my phrase), which requires such reimbursements sent directly to an Arc beneficiary to be counted as income to him/her, causing an equal reduction in his/her SSI, even though SSA does not so reduce the beneficiary's SSI if the payment is sent indirectly to him/her through a third party, such as a friend or relative. Some beneficiaries, including myself, don't have available such a third party through which the reimbursement

> can be sent, so they can not receive reimbursements without an equal reduction in their SSI being made by SSA.
>
> (3)  That reimbursements sent directly count as income even though those sent indirectly do not so count is apparently an invention of SSA; I cannot find any justification for that rule in federal law or regulations (and there seems to be no other reason for it).  In addition, SSA POMS SI 00830.100 B.1., CFR § 416.1123(b)(3), and by a close analogy SSA POMS SI 00815.250, indicate that these reimbursements are not to be counted as income.
>
> (4)  Thus, the SSA Direct Payment Rule makes it impossible for me, and probably others, to be directly paid reimbursements from the Arc, which is the only way I and those others can get them, without financial penalty, even though federal law, regulations, and even other SSA rules specifically direct such payments to be made without penalty.

[Filing No. 1 at 2-3.]

Mr. Fox asserts that he is "suing for a violation of federal law under 28 U.S.C. § 1331."

[Filing No. 1 at 4.] He seeks the following relief:

> I ask the court to issue an order permanently barring the [SSA] from counting reimbursements from Special Needs and Pooled trusts (such as the Arc…) which are directly paid to any trust beneficiary as income to that beneficiary and so reducing his or her [SSI].

[Filing No. 1 at 4.]

## III.
### Discussion

The Commissioner sets forth three arguments in support of her Motion to Dismiss pursuant to Rule 12(b)(1): (1) that 42 U.S.C. § 405(h) bars the Court from exercising subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331; (2) that Mr. Fox has not presented a claim to the Commissioner and has not exhausted his administrative remedies, so the Court cannot exercise subject-matter jurisdiction under 42 U.S.C. § 405(g); and (3) that Mr. Fox has not suffered an injury-in-fact, which also prevents the Court from exercising subject-matter jurisdiction. [Filing No. 17 at 11-21.]  The Court addresses each argument in turn.

### A.  Section 405(h) Jurisdictional Bar

In support of her Motion to Dismiss pursuant to Rule 12(b)(1), the Commissioner argues that the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1331. [Filing No. 17 at 11-15.] She asserts that Mr. Fox does not identify any federal law that he alleges the Commissioner has violated, and notes that 42 U.S.C. § 1383(c)(3) sets forth jurisdiction for "the SSI program" and "incorporates the judicial review scheme as set forth under 42 U.S.C. § 405(g)." [Filing No. 17 at 11.] The Commissioner contends that § 405(h) prohibits lawsuits against the Commissioner under § 1331 for claims arising under the Social Security Act, and that a claim arises under the Social Security Act "when both the standing and the substantive basis for the presentation of the claims stems from the Act." [Filing No. 17 at 11-12 (quotation and citation omitted).] The Commissioner points to relevant caselaw, and argues that Mr. Fox's claim should be read as "arising under" the Social Security Act because "[a]lthough [it] is cast as a challenge to the agency's trust policies, [Mr. Fox] is ultimately seeking the ability to conduct certain financial transactions involving funds from his pooled trust account while avoiding any adverse impact on his SSI eligibility or his monthly benefit amount." [Filing No. 17 at 14.]

In his response, Mr. Fox argues that § 405(h)'s jurisdictional bar does not apply because his lawsuit "is not one to recover on a claim arising under the Social Security Act." [Filing No. 26 at 6.] He contends that his case is not a Social Security appeal, but instead "challeng[es] a Social Security Rule, so is not attempting to recover on any claim arising under the subchapter of [§]1883(c) [of the Social Security Act]." [Filing No. 26 at 8.] Mr. Fox asserts that a decision in this case would not affect recovery from the SSA on a claim, since there is no related claim, stating "[i]f the decision were favorable, [he] would get reimbursement from the Arc without any equal penalty to its SSI, or any involvement of SSA, including any administrative appeal," but "[i]f the

4

decision were unfavorable, [he] wouldn't request any reimbursements from the Arc, since getting a reimbursement, which would have to be paid directly, would waste the reimbursement money, which would come from [his] Arc account and would also be deducted from [his] SSI." [Filing No. 26 at 9-10.] Mr. Fox also attempts to distinguish the cases relied upon by the Commissioner. [Filing No. 26 at 8-13.]

In her reply, the Commissioner argues that Supreme Court precedent establishes that Mr. Fox's claim arises under the Social Security Act because "both the standing and the substantive basis for the presentation of [his] claims stem from the Act." [Filing No. 28 at 2 (quotation and citation omitted).]

42 U.S.C. § 405(h) states, in relevant part, that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331…of Title 28 to recover on any claim arising under this subchapter." The Supreme Court has held that § 405(h) bars the exercise of subject-matter jurisdiction when the plaintiff asserts a claim arising under the Social Security Act or the Medicare Act.[1] *See Weinberger v. Salfi*, 422 U.S. 749, 756-62 (1975) (holding no subject-matter jurisdiction under 28 U.S.C. § 1331 for claim related to denial of social security benefits to widow on behalf of child because widow and deceased husband had been married for less than nine months); *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (noting that Supreme Court held in *Salfi* that the phrase "claim arising under" is construed "quite broadly to include any claims in which 'both the standing and the substantive basis for the presentation' of the claims is the Social Security Act," and holding that this applies equally to claims arising under the Medicare Act) (quoting *Salfi*, 422 U.S. at 760-61).

---

[1] Section 405(h) is applicable to the Medicare Act through 42 U.S.C. § 1395ii.

Courts within the Seventh Circuit have followed *Salfi* and *Ringer*, finding that they did not have subject-matter jurisdiction under § 1331 where the plaintiff's claims arose under the Social Security Act or the Medicare Act. *See, e.g.*, *Columbus Park Nursing & Rehab. Center v. Sebelius*, 940 F. Supp. 2d 805, 808 (N.D. Ill. 2013) (§ 405(h) prohibited court from exercising subject-matter jurisdiction pursuant to § 1331 over a due process claim related to the processes provided by the Department of Health and Human Services for the review of a compliance determination); *Michael Reese Hosp. & Med. Center v. Thompson*, 2004 WL 723713 (N.D. Ill. April 1, 2004) (no subject-matter jurisdiction under § 1331 for claims related to failure to implement administration resolution that addressed change to Medicare's reimbursement policy); *Stengel v. Callahan*, 983 F. Supp. 1154, 1158-59 (N.D. Ill. 1997) (claim related to SSA's denial of benefits due to claimant's alcoholism arose under Social Security Act, so court did not have jurisdiction under § 1331).

Here, Mr. Fox's claim arises under the Social Security Act because it relates directly to the benefits that he seeks under the Act. The fact that he characterizes his claim as one brought under "federal law" for wrongfully implementing a policy is of no moment – "both the standing and the substantive basis for the presentation" of his claim is the Social Security Act. *Salfi*, 422 U.S. at 760-61. The Court finds that Mr. Fox's claim arises under the Social Security Act, and that § 1331 does not provide a basis for the Court to exercise subject-matter jurisdiction over this matter.

### B. Jurisdiction Under § 405(g)

Although § 405(h) prohibits this Court from exercising subject-matter jurisdiction under § 1331, the Court goes on to consider whether 42 U.S.C. § 405(g) provides a basis for jurisdiction. The Commissioner argues that the Court also does not have subject-matter jurisdiction under § 405(g) because Mr. Fox has not exhausted his administrative remedies. [Filing No. 17 at 16-21.] Specifically, the Commissioner argues that § 405(g) does not provide a basis for the Court's

subject-matter jurisdiction because there is no "final decision of the Commissioner…made after a hearing to which [the plaintiff] was a party." [Filing No. 17 at 16 (quotation and citation omitted).] She notes that Mr. Fox "has not even satisfied the nonwaivable requirement that a relevant claim be presented to the Commissioner for decision, much less exhausted administrative remedies," but instead he "implies that he has not engaged in certain transactions because he believes the resulting decision would cause him adverse consequences." [Filing No. 17 at 17.] The Commissioner asserts that "[r]equests for judicial determination of disputed issues that [have] not been through the administrative process could easily overwhelm the courts and detract from the statutory scheme," and that "[Mr. Fox's] claim is little more than a theoretical challenge to the agency's regulations based upon his misunderstanding of what the regulations allow." [Filing No. 17 at 20-21.]

In his response, Mr. Fox appears to argue that he cannot exhaust his administrative remedies because he cannot test the SSA's policy by receiving a payment from a third-party and seeing whether that amount is deducted from his SSI benefits since "the Arc is forbidden to make such payments to beneficiaries, by its own Master Trust II document." [Filing No. 26 at 11-12.] He argues that if the Court does not allow him to challenge the policy through this lawsuit, "there would be no way at all for him to challenge it." [Filing No. 26 at 12.]

In her reply, the Commissioner argues that the requirement that Mr. Fox receive an adverse administrative determination or decision relating to the subject matter of this lawsuit is a nonwaivable requirement. [Filing No. 28 at 2.] She contends that the Supreme Court "rejected the possibility that a third party's decision not to act can excuse a failure to present a proper claim, even if the third party would be willing to act if a court invalidated the agency's policy." [Filing No. 28 at 4.]

Because § 405(h) precludes review of Mr. Fox's case pursuant to federal question jurisdiction under § 1331, Mr. Fox's "'only avenue' for federal court review of a denial of social security benefits is through 42 U.S.C. § 405(g)." *Vorpagel v. Saul*, 2020 WL 1694348, at *3 (N.D. Ill. April 6, 2020) (quoting *Eldridge v. Mathews*, 424 U.S. 319, 327 (1976)). Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "Under [§ 405(g)], a plaintiff must receive a final decision from the Secretary before seeking judicial review of his claim." *Johnson v. Sullivan*, 922 F.2d 346, 352 (7th Cir. 1990). The "final decision" requirement consists of two elements: "The first element requires that a claim be filed with the [Commissioner]. This is a jurisdictional requirement and may not be waived. The second element is that a claimant exhaust his administrative remedies before seeking judicial review. This requirement is not jurisdictional in nature, but may be waived by the [Commissioner] or by a court." *Id.* (citations omitted).

The Court need not determine whether Mr. Fox fully exhausted his administrative remedies because it is undisputed that he did not even initiate the administrative review process by filing a claim with the Commissioner related to the reduction of SSI benefits due to a payment from the Arc. The Court does not find relevant Mr. Fox's argument that he does not have a third-party beneficiary who is willing to receive an Arc payment on his behalf and then transfer it to him. Instead, in order to satisfy the first requirement of § 405(g) – that a claim be filed – Mr. Fox would need to accept a payment from the Arc and, once his SSI benefits were reduced by that amount (as he claims will occur), complete the administrative review process. Because he has not done this,

8

and since the filing of a claim with the Commissioner is a nonwaivable, jurisdictional requirement, the Court lacks subject-matter jurisdiction over this matter under § 405(g) as well.

### C. Injury-In-Fact

Finally, even if the Court had subject-matter jurisdiction under either § 1331 or § 405(g), the Court considers whether Mr. Fox has standing to bring suit. The Commissioner asserts that Mr. Fox has not identified an instance where he was not able to obtain an item or service due to the SSA's policy without a reduction in his SSI benefits, and that "even if [he] could overcome the statutory hurdles to his Complaint, he has not demonstrated a sufficiently ripe injury-in-fact to satisfy the requirements of Article III jurisdiction." [Filing No. 17 at 20-21.] She notes that Mr. Fox's claim "is little more than a theoretical challenge to the agency's regulations based upon his misunderstanding of what the regulations allow." [Filing No. 17 at 21.]

In his response, Mr. Fox does not specifically address whether he has alleged an injury-in-fact, but generally asserts that "[f]orbidding a SSA regulation from being enforced is a relief that can be granted." [Filing No. 26 at 13.]

The Commissioner does not address this argument in her reply. [*See* Filing No. 28.]

Article III of the United States Constitution limits federal courts to deciding "cases" and "controversies." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case – in other words, standing." *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). To have standing to sue in federal court under Article III, a plaintiff must establish: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Ramirez*, 141 S. Ct. at 2203 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Under

Article III, federal courts do not adjudicate hypothetical or abstract disputes.  Federal courts do not possess a roving commission to publicly opine on every legal question….  And federal courts do not issue advisory opinions."  *Ramirez*, 141 S. Ct. at 2203.

Mr. Fox alleges in his Complaint that the SSA applies its rules in such a way that if an individual received benefits directly from the Arc, his or her SSI would be reduced by that amount, but that if the benefits are received indirectly from a third-party, no SSI reduction occurs.  [Filing No. 1 at 2.]  Nowhere in his Complaint, though, does Mr. Fox allege that he has been damaged by this rule – only that he would be damaged if this scenario were to occur.  Indeed, SSA records indicate that Mr. Fox has not reported any "countable earned or unearned income" since April 1997, when he first became eligible for SSI benefits, and that he has "consistently received the maximum possible monthly benefit amount for each month since April 1997."  [Filing No. 16-1 at 1-2.][2]

Mr. Fox raises a "hypothetical and abstract" dispute because he has not suffered any injury-in-fact resulting from the SSA's rule about which he complains.  *See Ramirez*, 141 S. Ct. at 2203.  Accordingly, the Court does not have subject-matter jurisdiction over this matter for the additional reason that Mr. Fox lacks standing to assert his claim.

In sum, the Court finds that it lacks subject-matter jurisdiction over this matter for three reasons: (1) § 405(h) precludes the Court from exercising jurisdiction under § 1331 because Mr. Fox's claim arises under the Social Security Act; (2) § 405(g) does not provide a basis for the Court's jurisdiction because Mr. Fox has not filed a claim with the Commissioner related to the

---

[2] Because the Commissioner raises this argument in support of a Motion to Dismiss pursuant to Rule 12(b)(1), the Court may – and does – look beyond the Complaint's allegations to whatever evidence has been submitted on the issue to determine whether subject-matter jurisdiction exists.  *Ciarpaglini*, 817 F.3d at 543.

reduction of his SSI benefits due to a payment from the Arc; and (3) Mr. Fox has not suffered any injury-in-fact. Consequently, the Court **GRANTS** the Commissioner's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6), or in the Alternative for Summary Judgment, [Filing No. 16], to the extent she seeks dismissal pursuant to Rule 12(b)(1) for lack of jurisdiction.

## IV.
### CONCLUSION

The Court understands Mr. Fox's desire to obtain this Court's immediate review of the SSA rule about which he complains. However, the Court can only adjudicate suits against federal agencies if Congress has given the Court the authority to do so, an individual has suffered an actual injury, and that individual has exhausted his administrative remedies related to that injury. None of that has occurred here. Accordingly, for the foregoing reasons, the Court **GRANTS IN PART** the Commissioner's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6), or in the Alternative for Summary Judgment, [16], to the extent that it **DISMISSES WITHOUT PREJUDICE**[3] Mr. Fox's Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), but **DENIES IN PART AS MOOT** the motion to the extent that it is based on Rule 12(b)(6) and to the extent that it seeks summary judgment pursuant to Rule 56. Final judgment shall enter accordingly.

Date: 1/21/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[3] "Dismissals because of absence of federal jurisdiction ordinarily are without prejudice – dismissal [for want of federal jurisdiction] with prejudice is inappropriate because such a dismissal may improperly prevent a litigant from refiling his complaint in another court that does have jurisdiction…, and perhaps more essentially, once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim." *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) (quotation and citation omitted).

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Charles Michael Fox
225 Ettels Ln. #26
Clarksville, IN 47129